By the Court, Cowen, J.
As I understand this case, the policy was printed on one half of the sheet, and the “ conditions of insurance” on the other. There can be no doubt of the intent that both should be taken together. The assured *503 accepts the policy with what purports to be conditions on the same sheet or any sheet physically attached., There is, in such case, no need of an express reference by the policy to the conditions in order to fix the meaning. (Emerson v. Murray, 4 N. H. Rey. 171 ; Stocking v. Fairchild, 5 Pick. 181.) The juxtaposition of the papers is a sufficient expression, at least yrima facie. That may be rebutted by parol evidence, as by showing that the two were thus connected by mistake ; but no attempt to disannex them was made on the trial, and, for aught I see, the legal effect was conceded. The proof of the building having been added by the assured so as to increase the risk, without the assent of, or even notice to the company, was received without making an objection that the conditions were not intended as a part of the policy. It would be impossible to sustain the decision in Bize v. Fletcher, (Doug. 12, note (4,)) if the slip wafered to the policy had, like this, expressly declared itself to be conditions of insurance. There can be no doubt that the addition of the building avoided the policy, if conditions plainly expressed and as plainly violated can ever have that effect. There was no pretence that the risk was not increased. If there was really any question upon that, it should have been left to the jury. It cannot be denied judicially, in the face of the proof. I do not go into the other questions which have been made. .
New trial granted.